UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENTON WILLIAMS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:16-cv-867

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Benton Williams initiated this action by filing a *pro se* complaint against the United States of America challenging the tax system. (Doc. 3). This action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to 12(b)(6) (Doc. 5) and parties' responsive memoranda. (Docs. 6, 7, 8[1]).

**I.    Background and Facts**

Plaintiff, appearing pro se, filed a Complaint against the United States on August 24, 2016, raising several challenges to the federal income tax system, including that the Sixteenth Amendment to the U.S. Constitution does not authorize a direct unapportioned income tax and that the United States has committed constitutional fraud and "unlawful forgery of certain damaging instruments." (Doc. 1 ¶ 1-2). Plaintiff seeks a permanent restraining order against the United States, an order for the United States to comply with the Constitution, and $10 million in damages. *Id.* at ¶ 25.

---

[1] Plaintiff filed sur-reply without first seeking leave of Court. Accordingly, Defendant filed a motion to strike Plaintiff's sur-reply (Doc. 10).

1

**II.    Analysis**

**A. Standard of Review under Rule 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**B. Defendant's motion to dismiss is well-taken**

Defendants now move to dismiss Plaintiff's complaint asserting that the complaint does not state a claim upon which relief may be granted. In this regard, Defendants note that Courts have repeatedly rejected Plaintiff's argument that the federal tax laws are invalid and unconstitutional. *Perkins v. C.I.R.*, 746 F.2d 1187, 1188 (6th Cir. 1984) ("26 U.S.C. § 61(a) is in full accordance with Congressional authority

under the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states); *see also Funk v. C. I. R.*, 687 F.2d 264, 265 (8th Cir. 1982) (rejecting taxpayers' Sixteenth Amendment claim because the constitutionality of the Sixteenth Amendment was upheld by the Supreme Court in *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 18 (1916)); see also *Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985) ("all taxation of income, 'from whatever source derived,' was found to be constitutional in Brushaber.").

Defendant further asserts that Plaintiff's complaint consists of vague references to unsupported grievances and fails to contain any supporting factual allegations that could state a plausible claim for relief.

In response to Defendant's motion to dismiss, Plaintiff appears to argue that he is not challenging the constitutionality of the federal tax system. Instead, he contends that his complaint asserts that the Internal Revenue Service ("IRS") has "taken property from the Plaintiff with seizures improperly effected through the unlawful issuances of naked Notices of Levy that were issued in blatant violated [sic] of IRC §§ 6631(b) and 6502(b)." (Doc. 6, ¶ 12). Plaintiff further alleges that IRS agents forged notices of tax liens. According to Plaintiff, these actions allegedly violated section 7608(a), which he argues entitles him to damages under section 7214.

Defendant contends that Plaintiff may not assert new claims in his opposition memorandum and that Plaintiff should have moved to amend his complaint. While "[i]t is axiomatic that a plaintiff cannot add new claims to his complaint in an opposition to a motion to dismiss" even if such claims had been properly raised, however, Plaintiff has

still not stated a sufficient claim.  *Ault v. Medina Med.* Inv'rs, LLC, No. 1:06 CV 1113, 2007 WL 81853, at *3 (N.D. Ohio Jan. 8, 2007).

Notably, Plaintiff's purported new claims and/or allegations, fail to contain sufficient factual matter in order to state a claim to relief that is plausible on its face. *Iqbal* 556 U.S. 662 at 678.  As noted by Defendants, while section 7433 of the Internal Revenue Code (26 U.S.C.) permits taxpayers to bring actions against the United States for wrongful collection activity, Plaintiff has not alleged any facts establishing that the IRS violated any provision of the Internal Revenue Code in collecting taxes owed by Plaintiff. Moreover, with respect to Plaintiff's allegations relating to the IRS's filing of notices of a federal tax lien, his complaint must also be dismissed because he alleges no facts showing that the IRS failed to comply with statutory procedures for any seizures of property, and in addition because he fails to show any facts indicating he has complied with the mandatory exhaustion of his administrative remedies under 26 U.S.C. § 7433.

**III. Conclusion**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 5) should be **GRANTED;** Defendant's motion to strike be **DENIED as MOOT** and this matter be **TERMINATED** on the active docket of the Court**.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENTON WILLIAMS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:16-cv-867

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).